# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| SHICK TUBE-VEYOR CORPORATION<br>d/b/a SHICKUSA CORPORATION, | ) <br> ) | Case No. 08-00093-CV-W-SOW |
| Plaintiff, | ) <br> ) <br> ) | Removed from Circuit Court of<br>Jackson County, Missouri at Kansas |
| v. | ) | City (Case No. 0716-CV38254) |
| DOŪMAK, INC., | ) <br> ) | Hon. Scott O. Wright, District Judge |
| Defendant. | ) <br> ) | |

## DEFENDANT DOŪMAK, INC.'S MOTION TO DISMISS
## OR TRANSFER PURSUANT TO 28 U.S.C. § 1404

Defendant Doūmak, Inc. ("Doūmak"), by its attorneys, pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, moves to dismiss Shick Tube-Veyor Corporation d/b/a ShickUSA Corporation's ("Shick") Petition. Alternatively, pursuant to 28 U.S.C. § 1404, Doūmak moves to transfer this case to the United States District Court for the Northern District of Illinois. In support of this motion, Doūmak states as follows:

1. This case should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(3) because venue is improper in the Western District of Missouri. In this case, the operative contract was negotiated, drafted and performed in Illinois. (Ex. 4.) Given that Doūmak neither took action nor performed the contract within the Western District of Missouri, this case should be dismissed for want of venue pursuant to Fed. R. Civ. P. 12(b)(3). *Burns & McDonnell Engineering Co., Inc. v. Anderson*, 2005 WL 3107698, *5 (W.D. Mo. 2005).

2. Even if venue were proper, this Court should transfer this matter to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been

178676v1

brought." 28 U.S.C. § 1404(a). Here, the convenience of the parties and witnesses, and the interests of justice require transfer.

3. For the reasons set forth herein, as well as the factors as stated in Doūmak's Memorandum of Law filed contemporaneously herewith, this Court should transfer this lawsuit to the Northern District of Illinois pursuant to 28 U.S.C. § 1404 because Shick's Petition bears a greater connection to Illinois than to Missouri.

WHEREFORE, Defendant Doūmak, Inc. respectfully requests that this Court dismiss this matter for want of venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure. Alternatively, pursuant to 28 U.S.C. § 1404, Doūmak respectfully requests that this Court transfer this matter to the United States District Court for the Northern District of Illinois, and enter such other and further relief as justice may require.

Dated: February 22, 2008

Respectfully submitted,

/s/ Matthew P. Clune
Attorney for Defendant Doūmak, Inc.


Arthur J. Howe
Timothy C. Samuelson
Schopf & Weiss LLP
One South Wacker Drive, 28th Floor
Chicago, IL 60606
312/701-9300
FAX: 312/701-9335
howe@sw.com
samuelson@sw.com

       Ronald C. Spradley      MO #18778
       Matthew P. Clune       MO #54081
       SPRADLEY & RIESMEYER
       A Professional Corporation
       Belletower Building, Suite 210
       4700 Belleview
       Kansas City, MO 64112
       816/753-6006
       FAX: 816/502-7898
       ron@spradleyriesmeyer.com
       matt@spradleyriesmeyer.com

       ATTORNEYS FOR DEFENDANT DOŪMAK, INC.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 22nd day of February, 2008, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

       /s/ Matthew P. Clune
       Attorney for Defendant Doūmak, Inc.