# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| SHICK TUBE-VEYOR CORPORATION <br> d/b/a SHICKUSA CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> DOŪMAK, INC., <br><br> Defendant. | Case No. 08-00093-CV-W-SOW <br><br> Removed from Circuit Court of <br> Jackson County, Missouri at Kansas <br> City (Case No. 0716-CV38254) <br><br> Hon. Scott O. Wright, District Judge |

## DOŪMAK'S ANSWER AND AFFIRMATIVE DEFENSES
## TO PETITION FOR BREACH OF CONTRACT

Defendant Doūmak, Inc. ("Doūmak"), by its attorneys, answers the Petition for Breach of Contract ("Petition") of Shick Tube-Veyor Corporation d/b/a ShickUSA Corporation ("Shick") as follows:

### Parties, Jurisdiction, and Venue

1. Shick is a Missouri corporation in good standing with its principal place of business located at 4346 Clary Boulevard Kansas City, Missouri.

**ANSWER:** Doūmak lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of Shick's Petition and therefore denies the same.

2. Doumak is a Delaware corporation with its principal place of business in Illinois.

**ANSWER:** Doūmak admits the allegations contained in Paragraph 2 of Shick's Petition.

3. Venue is proper because Shick's principal place of business is in Jackson County.

**ANSWER:** The allegations contained in Paragraph 3 of Shick's Petition constitute assertions of law for which no answer is required. To the extent that such allegations may be deemed to be factual in nature, Doūmak denies them.

4. This Court has jurisdiction over Doumak because it entered into a contract with a resident of the state of Missouri, made numerous phone calls into the State of Missouri, sent correspondence into the State of Missouri, and otherwise availed itself of the benefits and protections of the State.

**ANSWER:** The allegations contained in Paragraph 4 of Shick's Petition constitute assertions of law for which no answer is required. To the extent that such allegations may be deemed to be factual in nature, Doūmak denies them.

5. Venue and jurisdiction are also proper because the contract Doumak entered into with Shick also contains the following provision, establishing that Missouri State or Federal Courts are the sole and exclusive forum for resolving disputes between the parties:

> The contract formed hereby and the language herein shall be construed and enforced in accord with the laws of the State of Missouri, U.S.A., without giving effect to choice of law principles thereof. Buyer and Seller consent to jurisdiction in any federal or state court within Missouri, which courts shall together constitute the exclusive forum in which disputes under or in connection with this contract will be resolved. Buyer waives any claim of <u>forum non conveniens</u> and specifically consents to venue in the state and federal courts in Missouri.

Attached hereto as Exhibit A.

**ANSWER:** The allegations contained in Paragraph 5 of Shick's Petition constitute assertions of law for which no answer is required. To the extent that such allegations may be deemed to be factual in nature, Doūmak denies them.

# Breach of Contract[1]

    6.    Doumak is in the Marshmallow business, manufacturing the Fireside Marshmallow, Campfire Marshmallows and Rock Mountain Marshmallow brands.

**ANSWER:** Doūmak admits the allegations contained in Paragraph 6 of Shick's Petition.

    7.    Shick is in the business of constructing specialized automatic ingredient handling systems for large scale food production.

**ANSWER:** Doūmak admits the allegations contained in Paragraph 7 of Shick's Petition.

    8.    Pursuant to a contract (the "Contract") with Doumak, Shick was to provide a specialized automatic ingredient handling system to Doumak's production facility in Illinois.

**ANSWER:** Doūmak admits that Shick was to provide a specialty automatic ingredient handling system to Doūmak. Doūmak states that its Purchase Order No. PO-121503-005 (Ex. 1) comprises the Contract, which speaks for itself and must be read as a whole for its true meaning and effect. Doūmak denies the remaining allegations contained in Paragraph 8 of Shick's Petition for Breach of Contract.

    9.    The Contract required that Shick install a "Bulk Sugar and Starch Handling System" for a total payment of $740,480.

**ANSWER:** Doūmak admits that Shick was to install a "Bulk Sugar and Starch Handling System." Doūmak states that its Purchase Order No. PO-121503-005 (Ex. 1) comprises the Contract, which speaks for itself and must be read as a whole for its true meaning

---

[1] Headings in this Answer are reproduced verbatim from Shick's Petition for convenient reference only and do not represent any admission by Doūmak regarding form or content.

and effect. Doūmak denies the remaining allegations contained in Paragraph 9 of Shick's Petition for Breach of Contract.

  10. Shick has performed its obligations under the Contract by providing the specified "Bulk Sugar and Starch Handling System."

**ANSWER:** Doūmak states that its Purchase Order No. PO-121503-005 (Ex. 1) comprises the Contract, which speaks for itself and must be read as a whole for its true meaning and effect. Doūmak denies the allegations contained in Paragraph 10 of Shick's Petition for Breach of Contract.

  11. Despite repeated requests for payment, Doumak has failed and refused to pay the remaining balance of $152,567.74.

**ANSWER:** Doūmak denies the allegations contained in Paragraph 11 of Shick's Petition for Breach of Contract.

  12. Doumak's failure to pay violates the Mo. Rev. Stat. 34.057, and Shick is entitled to recover attorneys' fees, accrued interest at the statutory rate, plus court costs incurred in connection with this action.

**ANSWER:** The allegations contained in Paragraph 12 of Shick's Petition for Breach of Contract constitute assertions of law for which no answer is required. To the extent that such allegations may be deemed to be factual in nature, Doūmak denies them.

## **AFFIRMATIVE DEFENSES**

Doūmak alleges and asserts the following defenses in response to the allegations of Shick's Petition for Breach of Contract.

**FIRST AFFIRMATIVE DEFENSE**

Shick's Petition is barred in whole or in part because venue is not proper in the Western District of Missouri.

**SECOND AFFIRMATIVE DEFENSE**

Shick's Petition is barred for failure to state a claim upon which relief can be granted.

**THIRD AFFIRMATIVE DEFENSE**

Shick's Petition is barred because Shick failed to fulfill its contractual obligations.

**FOURTH AFFIRMATIVE DEFENSE**

Shick's Petition is barred because Doūmak has paid Shick all amounts properly due under the parties' contract.

**FIFTH AFFIRMATIVE DEFENSE**

Shick's Petition is barred in whole or in part by the terms of Purchase Order No. PO-121503-005 (Ex. 1) agreed to by and between Shick and Doūmak.

**SIXTH AFFIRMATIVE DEFENSE**

Shick's Petition is barred because Shick failed to mitigate its damages.

**SEVENTH AFFIRMATIVE DEFENSE**

Shick's Petition is barred in whole or in part by the doctrine of waiver and/or estoppel.

**EIGHTH AFFIRMATIVE DEFENSE**

Shick's Petition is barred in whole or in part by the doctrine of unclean hands.

**NINTH AFFIRMATIVE DEFENSE**

Shick's Petition is barred in whole or in part by the doctrine of laches.

## TENTH AFFIRMATIVE DEFENSE

Shick's Petition is barred in whole or in part by the doctrine of unjust enrichment.

## ELEVENTH AFFIRMATIVE DEFENSE

Shick's claim for attorneys' fees pursuant to Mo. Rev. Stat. 34.057 is barred because the parties' contract is not a public works contract.

WHEREFORE, Doūmak requests that this Court enter judgment in favor of Doūmak and against Shick, that Doūmak be awarded its costs, expenses, and fees, and that this Court grant such other and further relief as justice may require.

## JURY DEMAND

Doūmak, Inc. respectfully demands trial by jury.

Dated: April 9, 2008

                                    Respectfully submitted,

                                    /s/ Timothy C. Samuelson
                                    Attorney for Defendant

Arthur J. Howe
Timothy C. Samuelson
Schopf & Weiss LLP
One South Wacker Drive, 28th Floor
Chicago, Illinois 60606
(312) 701-9300
(312) 701-9335 Fax
howe@sw.com
samuelson@sw.com

Ronald C. Spradley, MO Bar # 18778
Matthew P. Clune, MO Bar # 54081
Spradley & Riesmeyer, P.C.

4700 Belleview, Suite 210
Kansas City, Missouri 64112
(816) 753-6006
(816) 502-7898 Fax
ron@spradleyriesmeyer.com
matt@spradleyriesmeyer.com

ATTORNEYS FOR DEFENDANT DOŪMAK, INC.

# CERTIFICATE OF SERVICE

I, Timothy C. Samuelson, an attorney, certify that on April 9, 2008, I electronically filed the attached **Doūmak's Answer and Affirmative Defenses to Petition for Breach of Contract**, through the Court's CM/ECF system, which automatically sends email notification to the following individuals:

>Michael F. Saunders
>Philip W. Goodin
>Spencer Fane Britt & Browne LLP
>1000 Walnut, Suite 1400
>Kansas City, Missouri 64106-2140

/s/ Timothy C. Samuelson